1
2
3
4
5
6                          UNITED STATES DISTRICT COURT

7                            EASTERN DISTRICT OF CALIFORNIA

8
VINCENT ANDRADE,                    )      1:11-cv-01028 LJO MJS HC
9                                   )
                  Petitioner,       )
10                                  )      ORDER TO SHOW CAUSE WHY THE
                                    )      PETITION SHOULD NOT BE DISMISSED
11       v.                         )      FOR   PETITIONER'S   FAILURE   TO
                                    )      EXHAUST STATE REMEDIES
12                                  )
ON HABEAS CORPUS,                   )
13                                  )
                  Respondent.       )
14 _____ )

15
_____Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus
16
pursuant to 28 U.S.C. § 2254. The petition appears to raise claims challenging his
17
confinement. (Pet., ECF No. 1.)
18
I.     **DISCUSSION**
19
       Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary
20
review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it
21
plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the
22
Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).
23
Otherwise, the Court will order Respondent to respond to the petition.  Rule 5 of the Rules
24
Governing § 2254 Cases.
25
       A petitioner who is in state custody and wishes to collaterally challenge his conviction
26
by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. §
27
2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state
28

1   court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman

2   v. Thompson, 501 U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo

3   v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

4           A petitioner can satisfy the exhaustion requirement by providing the highest state court

5   with a full and fair opportunity to consider each claim before presenting it to the federal court.

6   Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971);

7   Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest

8   state court was given a full and fair opportunity to hear a claim if the petitioner has presented

9   the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal

10  basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9 (1992) (factual basis).

11          Additionally, the petitioner must have specifically told the state court that he was raising

12  a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666,

13  669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th

14  Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States

15  Supreme Court reiterated the rule as follows:

16              In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that
                exhaustion of state remedies requires that petitioners "fairly
17              present" federal claims to the state courts in order to give the
                State the "'opportunity to pass upon and correct'alleged violations
18              of the prisoners' federal rights" (some internal quotation marks
                omitted). If state courts are to be given the opportunity to correct
19              alleged violations of prisoners' federal rights, they must surely be
                alerted to the fact that the prisoners are asserting claims under the
20              United States Constitution. If a habeas petitioner wishes to claim
                that an evidentiary ruling at a state court trial denied him the due
21              process of law guaranteed by the Fourteenth Amendment, he
                must say so, not only in federal court, but in state court.
22

23  Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

24              Our rule is that a state prisoner has not "fairly presented" (and
                thus exhausted) his federal claims in state court unless he
25              specifically indicated to that court that those claims were based on
                federal law. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th
26              Cir. 2000). Since the Supreme Court's decision in Duncan, this
                court has held that the petitioner must make the federal basis of
27              the claim explicit either by citing federal law or the decisions of
                federal courts, even if the federal basis is "self-evident," Gatlin v.
                Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v.
28              Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be

1

2     decided under state law on the same considerations that would
      control resolution of the claim on federal grounds. Hiivala v. Wood,
      195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88
3     F.3d 828, 830-31 (9th Cir. 1996); . . . .

4     In Johnson, we explained that the petitioner must alert the state
      court to the fact that the relevant claim is a federal one without
5     regard to how similar the state and federal standards for reviewing
      the claim may be or how obvious the violation of federal law is.

6     Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

7          Upon review of the instant petition for writ of habeas corpus, it appears that Petitioner

8     has not presented his claims to any California court, including the California Supreme Court.

9     Accordingly, this Court cannot determine which, if any, of his claims have been exhausted.

10    If Petitioner has not presented his claims to the California Supreme Court, the Court cannot

11    proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). It is possible, however, that

12    Petitioner has presented his claims to the California Supreme Court and simply neglected to

13    inform this Court. Thus, Petitioner must inform the Court if his claims have been presented to

14    the California Supreme Court, and if possible, provide the Court with a copy of the petition filed

15    in the California Supreme Court, along with a copy of any ruling made by the California

16    Supreme Court. Without knowing what claims have been presented to the California Supreme

17    Court, the Court is unable to proceed to the merits of the petition.

18    **II.     ORDER**

19         Accordingly, Petitioner is ORDERED TO SHOW CAUSE why the petition should not

20    be dismissed for Petitioner's failure to exhaust state remedies.  Petitioner is ORDERED to

21    inform the Court what claims have been presented to the California Supreme Court within

22    thirty (30) days of the date of service of this order.

23         Petitioner is forewarned that failure to follow this order will result in dismissal of the

24    petition pursuant to Local Rule 110.

25

26    IT IS SO ORDERED.

27    Dated:   August 10, 2011              /s/ Michael J. Seng
                                            UNITED STATES MAGISTRATE JUDGE
28

U.S. District Court
E. D. California